IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SUE POLK, INDIVIDUALLY, AND AS ADMINISTRATRIX
OF THE ESTATE OF JERRY R. POLK, THE HEIRS
OF THE ESTATE OR JERRY R. POLK, AND ON BEHALF
OF ALL WRONGFUL DEATH BENEFICIARIES
OF JERRY R. POLK                                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO.: 1:18-cv-59 HSO-JCG

MAURICIO PERAZA, MNE FREIGHT, LLC;
and JOHN DOES 1-5                                                                              DEFENDANTS

## MOTION TO STRIKE AND EXCLUDE
## TESTIMONY OF BENJAMIN SMITH

**COMES NOW** the Plaintiff, Sue Polk, Individually, and as Administratrix of the Estate of Jerry R. Polk, and on behalf of all wrongful death beneficiaries of Jerry R. Polk ("Polk"), by and through her attorneys of record, and files this, her *Motion to Strike and Exclude Testimony of Benjamin Smith* and in support thereof would show unto the Court as follows:

This case arises from the wrongful death of Jerry Polk following a motor vehicle crash with a tractor-trailer driven by Defendant Maurico Peraza. On January 24, 2018, Polk brought this action against Mauricio Peraza and MNE Freight, LLC ("Defendants"). On February 26, 2018, Defendants filed their Answer[1] to Polk's Complaint, and on July 23, 2018, Defendants served their Designation of Experts.

Defendants' disclosed Benjamin Smith ("Smith") as a purported crash reconstructionist to offer testimony based on crash data allegedly retrieved from Polk's Yukon's burned up black box

---

[1][Doc. 5]

or ACM. The disclosure stated that Smith performed the purported data analysis, but deposition revealed that Smith performed no tests and that an undisclosed individual performed destructive testing on Polk's burned up black box without notice to Plaintiff's representatives.

Smith's report states that Smith performed an inspection of Polk's burnt black box, but in his deposition, Smith denied performing the inspection and said it was instead performed by a third party because an inspection, testing, and alleged download of the burned up black box was outside his area of expertise. Further, Smith's report failed to provide that Smith's opinions were based on the data obtained from the undisclosed individual. Smith then admitted that he never inspected Polk's vehicle or the black box and was unfamiliar with the method used by the undisclosed individual who allegedly inspected, performed destructive testing, and purportedly obtained data from Polk's destroyed burned up black box by using similar black boxes Further, Smith admitted that he is not a toxicologist and is unqualified to testify regarding Defendants' inadmissible toxicology report. Smith also admitted that any testimony on Polk's alleged impairment or any toxicology would be speculation.

On September 17, 2018, Defendants served their Supplemental Designation of Experts. Notably, Smith's opinions remained unchanged despite admittedly being unqualified to testify regarding the methods of data retrieval as well as being unqualified to testify regarding inadmissible toxicology report. Moreover, Defendants never properly disclosed the undisclosed individual who allegedly performed the data download from Polk's burnt black box and never disclosed that person as a witness until the day discovery closed.

In sum, Polk brings the instant motion to strike and exclude the opinions and testimony of Smith. Smith's proposed testimony should be excluded because:

(1) Defendants cannot meet their burden of showing that Smith's opinions are reliable

or relevant under FRE 702;

(2)   Smith is unqualified under FRE 702 because he cannot explain the methods employed by the undisclosed individual in purportedly obtaining the data from Polk's burnt black box;

(3)   Allowing Smith to testify strips Polk of the fundamental right to cross-examine Defendants' undisclosed witness on the method used to obtain the data from Polk's burnt black box;

(4)   Smith cannot be used as a mouthpiece to testify to Defendants' undisclosed witness' findings which are hearsay and inadmissible;

(5)   Smith's opinions do not satisfy FRE 703 because Defendants' undisclosed witness' findings were prepared in anticipation of litigation and are not the type of source that Smith would reasonably rely upon in his field; and

(6)   Smith is unqualified to testify regarding the toxicology report because he is admittedly not a toxicologist.

For these reasons, stated in detail below, Polk requests that this Honorable Court find that Smith is unqualified to offer testimony as an expert in this matter and exclude his testimony pursuant to *Daubert*.

Respectfully submitted this 1st day of October, 2018.

**SUE POLK, Plaintiff**

    */s/ Samuel S. McHard*    _
SAMUEL S. McHARD, MSB # 100295

SAMUEL S. McHARD, MSB # 100295
P. MANION ANDERSON, MSB # 104250
McHARD, McHARD, ANDERSON & ASSOCIATES, PLLC

ATTORNEYS AT LAW
140 MAYFAIR ROAD, SUITE 1500
HATTIESBURG, MS 39402
T: 601-450-1715
F:  601-450-1719
manderson@mchardlaw.com
smchard@mchardlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the 1st day of October, 2018.

                                          */s/ Samuel S. McHard*
                                  SAMUEL S. McHARD, MSB # 100295