IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUE POLK, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF JERRY R. POLK, THE HEIRS OF THE ESTATE OF JERRY R. POLK, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF JERRY R. POLK | § § § § § § § § § § | PLAINTIFFS |
| v. | § § § | Civil No. 1:18cv59-HSO-JCG |
| MAURICO[1] PERAZA, MNE FREIGHT, LLC, AND JOHN DOES 1-5 | § § § | DEFENDANTS |

**ORDER GRANTING DEFENDANTS' MOTION [142] FOR PARTIAL SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

BEFORE THE COURT is Defendants' Motion [142] for Partial Summary Judgment on Punitive Damages. For the reasons that follow, the Court finds that the Motion should be granted.

I. BACKGROUND

On or about January 24, 2018, Sue Polk, individually, and as Administratrix of the Estate of Jerry R. Polk, and on behalf of all wrongful death beneficiaries of

---

[1] In Defendants' Notice of Removal [1] and in Plaintiffs' Complaint [1-1], the parties identify Defendant Peraza as "Maurico Peraza." Although subsequent filings in this Court now state "Mauricio Peraza," *see* Defs.' Mot. for Partial Summ. J. [152], neither party has taken action to amend or correct the case caption in the docket.

1

Jerry R. Polk (collectively "Plaintiff" or "Polk"), filed suit in the Circuit Court of Pearl River County against Maurico[1] Peraza, MNE Freight, LLC, and John Does 1-5 (collectively "Defendants" or "Peraza"). State Ct. R. [1-1] at 1-4. Polk asserted claims for wrongful death and survival against Defendants arising out of a fatal motor vehicle crash that occurred on January 3, 2018. *Id.* at 4-6. Polk sought actual damages as well as attorneys' fees, interest, and punitive damages. *Id.* at 11-12.

On February 21, 2018, Defendants timely removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332 and §1441. *See* Notice of Removal [1]. On September 27, 2018, Defendants filed a Motion [142] for Partial Summary Judgment on Punitive Damages. Defs.' Mot. for Partial Summ. J. [142]; Defs.' Mem. Br. in Support [143]. Defendants argue that because Plaintiffs have no evidence that Peraza caused the accident as a result of any actual malice, willfulness, or wanton or reckless disregard, punitive damages are not appropriate under Mississippi law. *Id.* Plaintiffs have conceded in their Response [162] that their allegations against Defendants do not support a claim for punitive damages and that summary judgment is proper on this particular claim.[2] Pls.' Resp. [162] at 5.

## II. DISCUSSION

A. <u>Summary judgment standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is

---

[2] Plaintiffs reserve their objections to the facts as set forth in Defendants' Motion [142]. Pls.' Resp. [162] at 5.

2

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310-11 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018) (quotation omitted). Once the movant carries its initial burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted).

In resolving a motion for summary judgment, a court views the evidence in the light most favorable to the nonmovant and draws all reasonable inferences in its favor. *Vann v. City of Southaven, Mississippi*, 884 F.3d 307, 309 (5th Cir. 2018). A genuine dispute of material fact exists precluding entry of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018).

B. <u>Punitive damages under Mississippi law</u>

Mississippi law limits the award of punitive damages to specific circumstances. *See* Miss. Code Ann. § 11-1-65(1)(a); *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003) ("There is no right to punitive damages."). Miss. Code Ann. § 11-1-65(1)(a) provides the criteria for an award of punitive damages:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive

damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

*Id.* The Court may only submit the issue of punitive damages to a trier of fact when it finds, based upon the totality of the circumstances, that the trier of fact could find by clear and convincing evidence that a defendant's conduct reflects either malice or gross neglect/reckless disregard. *Doe*, 835 So. 3d at 81.

Defendants argue that the record is devoid of any evidence that would support a finding of malice or gross neglect/reckless disregard. Defs.' Mot. for Partial Summ. J. [142] at 2; Defs.' Mem. Br. in Support [143] at 5. Plaintiffs agree in their Response [162] that their allegations do not support a claim for punitive damages and that summary judgment is proper on this claim. Further, the Court's review of the record reveals that Plaintiffs have not shown facts which would satisfy the criteria for an award of punitive damages under Mississippi law. *See* Miss. Code Ann. § 11-1-65(1)(a). There is no evidence of actual malice, gross negligence, or actual fraud. *See id.* Defendants are therefore entitled to judgment as a matter of law on Plaintiffs' claim for punitive damages.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion [142] for Partial Summary Judgment on Punitive Damages is **GRANTED**, and that Plaintiffs' claim for punitive damages is **DISMISSED WITH PREJUDICE**.

4

**SO ORDERED AND ADJUDGED**, this the 28th day of November, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE