IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUE POLK, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF JERRY R. POLK, THE HEIRS OF THE ESTATE OF JERRY R. POLK, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF JERRY R. POLK | § § § § § § § § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:18cv59-HSO-JCG |
| MAURICO[1] PERAZA, MNE FREIGHT, LLC, AND JOHN DOES 1-5 | § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION [10] TO STRIKE DEFENSES OF MAURICIO[1] PERAZA AND MNE FREIGHT, LLC**

BEFORE THE COURT is Plaintiff's Motion [10] to Strike Defenses of Mauricio Peraza[1] and MNE Freight, LLC. Because Plaintiff has not made a plausible showing of prejudice, the Court finds that the Motion should be denied.

I. BACKGROUND

On or about January 24, 2018, Sue Polk, individually and as Administratrix

---

[1] In Defendants' Notice of Removal [1] and in Plaintiff's Complaint [1-1], the parties identify Defendant Peraza as "Maurico Peraza." Although subsequent filings in this Court, including the instant Motion [10], now state "Mauricio Peraza," *see* Pl.'s Mot. [10] to Strike; Defs.' Mot. for Partial Summ. J. [152], neither party has moved to amend or correct the case caption in the docket.

1

of the Estate of Jerry R. Polk, and on behalf of all wrongful death beneficiaries of Jerry R. Polk (collectively "Plaintiff" or "Polk"), filed suit in the Circuit Court of Pearl River County, Mississippi, against Maurico[1] Peraza, MNE Freight, LLC, and John Does 1-5 (collectively "Defendants" or "Peraza"). State Ct. R. [1-1] at 1-4. Polk asserted claims for wrongful death and survival against Defendants arising out of a fatal motor vehicle crash that occurred on January 3, 2018. *Id.* at 4-6.

On February 21, 2018, Defendants timely removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332 and §1441. *See* Notice of Removal [1]. Defendants filed their Answer [5] on February 26, 2018. Defs.' Answer [5]. Plaintiff has filed a Motion [10] to Strike Defenses of Mauricio Peraza and MNE Freight, LLC, and an accompanying Memorandum [11] in Support. Pl.'s Mot. to Strike [10]. Plaintiff seeks to strike Defendants' second, sixth, tenth, eleventh, twelfth, eighteenth, twenty-second, and twenty-third affirmative defenses, Pl.'s Mot. to Strike [10], which state as follows:

### SECOND DEFENSE

Process and service of process are improper.

### SIXTH DEFENSE

All claims for punitive damages are barred by federal and state laws, the United States Constitution, the Mississippi Constitution and the Mississippi Tort Claims Act.

### TENTH DEENSE

Defendants specifically assert and invoke all defenses available to them as set forth in Miss. R. Civ. R. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### ELEVENTH DEFENSE

Defendants plead all applicable defenses under Miss. R. Civ. P. 8(c).

### TWELFTH DEFENSE

Defendants aver that Plaintiffs'[2] claims are barred by the applicable statue of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, failure to mitigate, lack of standing, release, and/or estoppel.

### EIGHTEENTH DEFENSE

Defendants alleged [sic] that Decedent's injuries, if any, may have resulted from preexisting condition(s) prior to the accident at issue occurring on or about January 3, 2018.

### TWENTY-SECOND DEFENSE

The allegations of the Plaintiffs'[2] Complaint fail to give reasonable notice of facts sufficient to evaluate all of its defenses. For that reason, Defendants affirmatively plead accord and satisfaction, arbitration, and award, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, license, payment, release, *res judicata*, statute of frauds, and any other matter constituting an avoidance of an affirmative defense that is available to Defendants.

### TWENTY-THIRD DEFENSE

Defendants hereby reserve the right upon completion of its investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third party complaints as may be appropriate and to plead any release(s) that may have been or will be executed by Plaintiffs[2] as an additional defense.

Defs.' Answer [5] (bold typeface removed).

Plaintiff takes the position that these defenses are subject to the same pleading requirements as the allegations in a complaint. Plaintiff asserts that

---

[2] In error, Defendants use "Plaintiffs" to refer to Sue Polk who brings this action individually and as administratrix of the estate of Jerry R. Polk and on behalf of all wrongful death beneficiaries of Jerry R. Polk.

because Defendants have failed to meet the pleading standard announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or to provide Plaintiff fair notice of their defenses, these affirmative defenses should be stricken. Defendants counter that Plaintiff misconstrues the law within Mississippi federal district courts and that Plaintiff's Motion [10] is premature. Defs.' Resp. [15] at 1-2. Defendants further contend that their affirmative defenses are sufficiently stated under the fair notice standard and that Plaintiff has failed to demonstrate prejudice. Defs.' Mem. in Support [16] at 3-7.

Plaintiff has submitted a Reply [23] in Support of her Motion [10] arguing that the overly broad affirmative defenses would prejudice her because she would be forced to conduct additional discovery. Pl.'s Reply in Support [23] at 3. Plaintiff contends that her Motion [10] is not premature and that even under notice pleading, these particular defenses are not properly pled. *Id.* at 2-4.

Plaintiff subsequently requested leave to cite new authority, Mot. [25] for Leave to Cite New Authority, which the Court granted, Text Order, March 30, 2018. Plaintiff cites a Mississippi Court of Appeals opinion holding that a defendant's answer insufficiently pled "insufficiency of process" where the defense was stated generally and conclusively. *Id.* at 2. Defendants have responded that the case cited by Plaintiff never quotes the defendant's actual answer and that, because Defendants here "will not assert insufficiency of process or service of process as an affirmative defense . . . Defendants' second affirmative defense is moot." Defs.' Resp. [28] at 1.

## II. DISCUSSION

A. <u>Motions to strike under Federal Rule of Civil Procedure 12(f)</u>

Federal Rule of Civil Procedure Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike defenses are disfavored in the Fifth Circuit and are infrequently granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). "Although Rule 12 provides that district courts may strike defenses or other matters from pleadings under certain circumstances, this discretion should be exercised sparingly because striking a defense is such a 'drastic remedy.'" *E.E.O.C. v. LHC Grp. Inc.*, No. 1:11CV355-LG-JMR, 2012 WL 3242168, at *1 (S.D. Miss. Aug. 7, 2012).

When there are disputed questions of law or fact, a court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister*, No. 4:10cv77–DPJ–JKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) ("Even when addressing a pure question of legal sufficiency courts are very reluctant to determine such issues on a motion to strike, preferring to determine them only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial."). In addition, a motion to strike generally

should not be granted unless the moving party demonstrates that it would be otherwise prejudiced. *Wilkerson v. Johnson Controls, Inc.*, No. 3:17-CV-853-DPJ-FKB, 2018 WL 4237989, at *1 (S.D. Miss. Sept. 5, 2018); *LHC Grp. Inc.*, 2012 WL 3242168, at *1; *see also* Fed. Prac. & Proc. § 1381, at 421-22 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

B.   Pleading standard for affirmative defenses

Plaintiff argues that the heightened pleading standard announced in *Iqbal* and *Twombly* is equally applicable to affirmative defenses. Pl.'s Mem. [11] at 3-4. Defendants respond that they need only satisfy notice pleading standards. Defs.' Resp. Mem. [16] at 3-4.

Nearly every court in this District to have considered whether *Twombly*'s heightened pleading standard applies to affirmative defenses has concluded that it does not. *See, e.g.*, *Wilkerson*, 2018 WL 4237989, at *2 n.3 (collecting recent cases within the Fifth Circuit applying notice pleading). Moreover, the Fifth Circuit held in *Woodfield v. Bowman* that affirmative defenses must be pled "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." 193 F.3d 354, 362 (5th Cir. 1999). The court further stated that an "affirmative defense is subject to the same pleading requirements as is the complaint." *Id.* While Plaintiff cites this proposition to support her contention that the heightened pleading standard of *Iqbal* and *Twombly* applies, *Woodfield* was decided before *Twombly* redefined fair notice as it applies to complaints. *See id.*;

6

*Twombly*, 550 U.S. at 555.

Even after *Twombly*, the Fifth Circuit continues to cite *Woodfield*'s notice pleading standard when addressing affirmative defenses. *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("A defendant must plead with 'enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'") (quoting *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008)). Because the text of Federal Rule of Civil Procedure 8(a), (b), and (c), sets forth different pleading standards for claims and defenses,[3] and because *Woodfield* remains the law, a defendant must arguably "plead an affirmative defense with enough particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362 (citation omitted); Fed. R. Civ. P. 8(a)-(c). Accordingly, although the Fifth Circuit has not addressed the issue recently, it appears that the appropriate standard in the Fifth Circuit remains that a defendant need only sufficiently articulate a defense "so that the plaintiff [is] not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362.

C. <u>Analysis</u>

Plaintiff argues that Defendants' second, sixth, twelfth, eighteenth, twenty-second, and twenty-third affirmative defenses fail to provide her with fair notice of the defenses Defendants intend to advance, that they are vague, and that they do

---

[3] The Supreme Court in *Twombly* relied heavily on the text of Rule 8(a) in its analysis. *See Twombly*, 550 U.S. at 557. Rule 8(a) requires a "short and plain statement of the claim," while Rule 8(b) states that the party must "state in short and plain terms its defense to each claim asserted against it." Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8.

7

not plead requisite independent facts in support.[4] *See* Pl.'s Mem. [11] at 5-11. Defendants counter that their defenses are sufficient at this stage and that Plaintiff has failed to demonstrate prejudice. Defs.' Resp. Mem. [16] at 7.

As an initial matter, Plaintiff seeks to strike Defendants' second defense, that process and service of process were improper. Defendants stipulate that they "will not assert insufficiency of process or service of process as an affirmative defense." Defs.' Resp. [28] at 1. Plaintiff also seeks to strike Defendants' sixth affirmative defense, that punitive damages are barred by the Mississippi and United States Constitutions. This Court previously granted Defendants' Motion [142] for Partial Summary Judgment on Punitive Damages and dismissed Plaintiff's claim for punitive damages. Order [142]. Thus, to the extent Plaintiff's Motion [10] seeks to strike Defendants' second and sixth affirmative defenses, it is moot. *See id.*

The Court finds that Defendants' twelfth and eighteenth defenses meet the fair notice standard articulated by the Fifth Circuit in *Woodfield*. *See* 521 F.3d at 362. As the Fifth Circuit has stated, in some cases pleading only the name of an affirmative defense may be sufficient.[5] *Id.* at 362. While Defendants have done little more than name these defenses, the Court cannot say that Defendants have

---

[4] Several of Defendants' affirmative defenses do appear to be insufficient as a matter of law. For example, the affirmative defense of laches only applies when the legislature has not provided a fixed statute of limitations. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677-78 (2014). Each claim asserted by Plaintiff in this case is subject to an applicable statute of limitations. Thus, laches is not a viable defense. *See id.* Plaintiff, however, has only argued that Defendants' defenses do not provide her with fair notice or meet the heightened pleading requirements of *Twombly*. Although the Court is empowered to strike these defenses sua sponte, *see* Fed. R. Civ. P. 12(f), it is not the Court's duty to comb through the pleadings.
[5] In fact, the Fifth Circuit has noted, at least in dicta, that it is sufficient to plead contributory negligence in name only. *See Woodfield*, 193 F.3d at 362, 362 n.2.

8

not provided Plaintiff fair notice of them.

With respect to Defendants' remaining defenses at issue in the present Motion [10], even assuming they are insufficiently pled, Polk has not shown prejudice. Plaintiff makes her only attempt at asserting prejudice in her Reply[6] [23], stating that she would be forced to conduct unnecessary discovery. Pl.'s Reply [23] at 3. Even considering this claim of prejudice, the Court finds it unpersuasive. Prejudice results where "the allegation or defense would have 'the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.'" *Certain Underwriters at Lloyd's Subscribing to Policy no. TCN034699 v. Bell*, No. 5:13-CV-113-DCB-MTP, 2014 WL 4546046, at *4 (S.D. Miss. Sept. 11, 2014) (citation omitted). "Further, to be prejudicial, the defense must hamper a party's ability to try their case, most often related to some delay." *Id.* The Court finds that Plaintiff's claim of increased discovery is not sufficient prejudice to justify striking a defense at this stage of litigation.[7] Because Plaintiff has not made a plausible showing of prejudice, and for the other reasons stated herein, the Court finds that Plaintiff's Motion [10] should be denied.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's

---

[6] Courts generally refuse to consider arguments raised for the first time in a reply. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.").
[7] Defendants bear the burden of ultimately proving their affirmative defenses. *See Ducre v. Mine Safety Appliance*, 963 F.3d 757, 760 (5th Cir. 1992). If Plaintiff believes these defenses are completely unfounded, she may later seek partial summary judgment on some or all of them and require Defendants to produce facts to support them. *See* Fed. R Civ. P. 56(a).

9

Motion [10] to Strike Defenses of Mauricio Peraza and MNE Freight, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 21st day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE